G. W. Klem and Jane M. Klem, his wife *v.* The Zoning Hearing Board of Jackson Township and James Veras. James Veras, Appellant.

Submitted on briefs, April 3, 1978, to Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*Allan M. Kluger,* with him *Richard S. Kempes,* and *Hourigan, Kluger & Spohrer Associates,* for appellant.

*James F. Geddes, Jr.,* for appellee.

OPINION BY JUDGE DISALLE, June 1, 1978:

This is an appeal from an order of the Court of Common Pleas of Luzerne County which reversed a decision of the Jackson Township Zoning Board of Adjustment (Board). G. W. Klem and Jane M. Klem, his wife, (Landowners) made application to the Board for a special exception for the construction and operation of a dog kennel on their land in Jackson Township. The Landowners' property was located in an Agricultural District under the Jackson Township Zoning Ordinance (Ordinance).

After a hearing on the Landowners' application, the Board granted the request for the special exception on April 20, 1975. The Board's decision was appealed to the lower court, which remanded the case to the Board. The Board conducted another hearing and subsequently issued a decision which was adverse to the Landowners. The Landowners appealed this second decision to the lower court, which sustained the Landowners' appeal and reinstated the Board's decision of April 20, 1975, granting the special exception to the Landowners.

James Veras (Objector), an individual who opposed the granting of the exception to the Landowners, has appealed to this Court. He contends first, that the ordinance is unconstitutional because it follows no comprehensive plan, and second, the Board's un-

limited authority to use special exceptions is overly broad and permits unlawful, flexible, selective zoning.

The Objector argues that where, as here, almost any commercial and industrial use may be permitted by special exception in an argricultural district, then flexible selective zoning exists. Although the ordinance vests broad powers in the Board with respect to the granting of different uses by special exception, we are convinced that there is an underlying comprehensive plan built into it. This Ordinance apprises the property owners that there are eight separate classified zoning districts and reflects the planned use of the Township's land in each district. It outlines the specific uses allowed as either permitted uses or uses by special exception in each district, and provides strict regulations, conditions and requirements to which the Board must adhere before special exceptions are permitted.

The Ordinance appears to be drawn in accordance with an overall program, and with consideration for the character of the Township, and the suitability of its various areas for particular uses and structures. It implements the Luzerne County Comprehensive Plan since the essential land-use characteristic of Jackson Township is residential as outlined in the County Plan. The aspect which might appear to make its validity debatable is that only 2% of the land area is zoned exclusively residential. However, residential dwellings are permitted without Board approval in 65% of the land area of the Township, in Agricultural A-1 Districts, and with Board approval in 25% of the land, in Conservation C-1 Districts. The fact that a large number of commercial and industrial uses may be permitted in Agricultural or Conservation Districts, and that these two districts encompass 90% of the Township's total land area is not sufficient to overturn the

Ordinance. Many of the industrial and commercial uses listed in the Ordinance could not be placed in some of the eight different zoning districts even with the Board's approval.

It is important to note that the party challenging the constitutionality of an ordinance bears a heavy burden. He must clearly establish that the provisions are arbitrary and unreasonable and have no relation to the public health, safety, morals, and general welfare, and if the validity of an ordinance is debatable, the legislative judgment is allowed to control. *Pollock v. Zoning Board of Adjustment*, 20 Pa. Commonwealth Ct. 641, 342 A.2d 815 (1975). In this case the Objector has not met that burden.

The Objector and the other individuals opposing the Landowners' application for the special exception have the burden of showing that the adverse effects of the kennel in its normal operation would have been greater than that ordinarily expected from such use. *Soble Construction Co. v. Zoning Hearing Board of East Stroudsburg*, 16 Pa. Commonwealth Ct. 599, 329 A.2d 912 (1974). Our review of the record fails to reveal substantial evidence that any of the adverse effects of the kennel would be greater than those which normally attend a kennel operation such as proposed by the Landowners. Therefore, we affirm the lower court decision.

### Order

And Now, this 1st day of June, 1978, it is ordered that the instant appeal be and it is dismissed, and the decision and order of the Court of Common Pleas of Luzerne County dated June 28, 1976 is hereby affirmed.