Beatrice Carmel King, Leonard Carmel and Silvia Carmel Jones, Appellants *v.* Zoning Hearing Board of the Borough of Nazareth, Appellee.

Argued June 8, 1983, before Judges WILLIAMS, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*F. P. Kimberly McFadden, Ziev, Giobbi & McFadden,* for appellants.

*Donald E. Wieand, Jr.,* with him *Thomas F. Traud, Jr., Roberts, Traud, Wallitsch & Corkery,* for appellee.

OPINION BY JUDGE CRAIG, August 11, 1983:

This is an appeal from a decision of the Court of Common Pleas of Northampton County, which affirmed the granting of a variance to the Holy Roman Catholic Church of Nazareth by the Zoning Hearing Board of the Borough of Nazareth on the basis of the de minimis doctrine.

The church sought to build an addition to its existing school building in order to accommodate a kindergarten classroom, special education rooms, and two offices. Although the zoning ordinance establishes maximum building coverage in the church's district at twenty percent of the lot area,[1] the school building presently covers over fifty percent of the lot—apparently as a lawful nonconforming structure erected

---

[1] Section 544 of the Nazareth Borough Zoning Ordinance of 1969.

before the coverage requirement took effect. The proposed addition would increase that coverage to fifty-eight percent.

The parties have limited the precise question before us to whether or not the board erred in granting the variance on de minimis grounds.

The de minimis doctrine is an extremely narrow exception to the heavy burden of proof which a party seeking a variance must normally bear. The courts have applied the rule and allowed a variance in a limited number of cases where the violation of the ordinance was a relatively minor one, and to do otherwise would require the moving of an entire building.[2] The court also followed the de minimis rule in a unique case where rigid compliance with the ordinance was not absolutely necessary to protect the public policy concerns underlying the ordinance.[3]

The church argues that this is a proper case for the application of the de minimis rule because the proposed addition would cover only eight percent more surface area. The church further contends that moving the kindergarten from its present location in the church basement to the new addition would reduce safety hazards, relieve traffic congestion, and eliminate its current need to heat the entire church building every day to keep the classroom warm.

The facts of this case do not resemble those of the few cases where the court has employed a de minimis analysis. A denial of the variance here will not re-

_____

[2] Crawford Zoning Case, 358 Pa. 636, 57 A.2d 862 (1948) ; Moyerman v. Glanzberg, 391 Pa. 387, 138 A.2d 681 (1958) ; Pyzdrowski v. Pittsburgh Board of Adjustment, 437 Pa. 481, 263 A.2d 426 (1970) ; West Bradford Township v. Evans, 35 Pa. Commonwealth Ct. 167, 384 A.2d 1382 (1978) ; Marlowe v. Zoning Hearing Board of Haverford Township, 52 Pa. Commonwealth Ct. 224, 415 A.2d 946 (1980).

[3] West Bradford Township v. Evans, 35 Pa. Commonwealth Ct. 167, 384 A.2d 1382 (1978).

quire the church to move an entire building, and the public interest served by the twenty percent maximum is clearly not served equally well by a building which would cover fifty-eight percent of the lot, more than double the percentage allowed by the ordinance's explicit and objective coverage standard, the validity of which has not been contested. That disparity, measured from the ordinance's twenty percent maximum, is the pertinent one. The eight percent additional departure, beyond the fifty percent nonconforming coverage, is not the crucial measure. The de minimis cases have never used an existing disparity as the point of departure.

Hence, we reverse for error of law.

### ORDER

Now, August 11, 1983, the decision of the Court of Common Pleas of Northampton County, dated August 9, 1982, is reversed.