## Kushner v. Zoning Hearing Board of Lower Merion Township

*Fred B. Frombold,* for plaintiff.

*Gilbert P. High, Jr.,* for defendant Township of Lower Merion.

*Robert S. Ryan,* for defendant zoning hearing board.

*C. George Milner,* for defendants intervenors.

BRODY, *J.,* July 15, 1985—Dr. Alan Kushner appeals this court's order of May 29, 1985, dismissing his appeal to this court of the decision of the Zoning Hearing Board of Lower Merion Township.

## FACTS

Alan Kushner, a doctor of chiropractic medicine, applied to the Zoning Hearing Board of Lower Merion Township for a special exception and/or a variance in order to permit him to operate a professional office on the second floor of a preexisting garage building located at his residence.

The zoning hearing board, after a hearing on May 22, 1984, issued its decision on June 25, concluding that the proposed office would violate the Lower Merion Township Zoning Code, §155-11(L)(2), which requires that a professional office not be "above the first floor of the structure in which the use is located."

Dr. Kushner appealed the decision of the zoning hearing board to this court, and after oral argument on May 28, 1985, his appeal was dismissed. Dr. Kushner now appeals this court's order of May 29, 1985, dismissing his appeal from the Zoning Hearing Board of Lower Merion Township.

## DISCUSSION

In cases such as this one, where this court takes no additional evidence, our scope of review is limited to a determination of whether the zoning hearing board, in reaching its decision, committed either an abuse of discretion or committed an error of law. Borough Council of Churchill Borough v. Pagal, Inc., 74 Pa. Commw. 601, 460 A.2d 1214 (1983); 2 Pa.C.S. §754(b). It is this court's conclusion that the Zoning Hearing Board of Lower Merion Township did not abuse its discretion nor commit an error of law.

The Zoning Code of Lower Merion Township permits professional offices by special exception in all residential districts in the township. The code mandates, among other things, that a professional office:

". . . shall not be permitted above the first floor of the structure in which the use is located." Code, §155-11(L)(2).

The zoning hearing board concluded, and it is clear from the record below, that the proposed office site does not satisfy this particular requirement of the code.* The proposed site is located above the parking level of the garage, that is, "above the first floor of the structure in which the use is located."

Dr. Kushner does not, and could not, dispute this; rather, he claims that his proposal satisfies the intent of this requirement since the office floor would

---

*Dr. Kushner argues that his proposed office satisfies the requirements of section 155-11(L) as that section relates to traffic impact. Our conclusion that the board's specific ground for denying the application (the code's first-floor requirement, see memorandum findings, opinion and order of the zoning hearing board dated June 25, 1984) was proper, makes it unnecessary for this court to address this issue.

be the first "usable or habitable" floor above the garage's parking level.

This argument is wholly without merit.

First, since the zoning code unambiguously states that offices will not be permitted above the first floor of the structure, this court will not interpose the words "usable or habitable" onto the present code. In any case, Dr. Kushner offered no testimony as to why the first floor of the structure, which he claims is for parking, is not "usable or habitable." Plainly, appellant's argument that his proposal satisfies section 155-11(L)(2) is frivolous.

Dr. Kushner argues alternatively that the first floor requirement of the zoning code is unconstitutional as an invalid and unreasonable exercise of the township's police power. In assessing this argument:

"It is important to note that the party challenging the constitutionality of a zoning ordinance bears a heavy burden. He must clearly establish that the provisions are arbitrary and unreasonable and have no relation to the public health, safety, morals and general welfare, and if the validity of an ordinance is debatable, the legislative judgment is allowed to control." Klein v. Zoning Hearing Board of Jackson Township, 35 Pa. Commw. 560, 563, 387 A.2d 667, 668 (1978).

Dr. Kushner claims that the first-floor requirement of the zoning code is arbitrary and unrelated to the public health, safety and welfare. To buttress this claim, at the hearing before the zoning hearing board, Dr. Kushner introduced the testimony of Douglas Stewart, a land planner, who stated that a first-floor requirement was rational in a dwelling, since personal functions requiring some privacy typically take place on floors above the first. Stewart then claimed, however, that such a requirement

would serve no planning purpose in an accessory building such as a garage.

The board, understandably, was unpersuaded by this testimony. It determined that an additional rationale for the first-floor requirement would be the avoidance of fire and safety risks inherent in an above-ground-level office. After a review of the record, it is this court's conclusion that the board neither abused its discretion nor erred as a matter of law, when it recognized this alternate rationale for the first-floor requirement. Cf. Caste v. Zoning Hearing Board of Whitehall, 70 Pa. Commw. 368, 453 A.2d 69 (1982). Dr. Kushner "has failed to meet his heavy burden of proving the constitutional invalidity of the restriction here challenged." Id. at 372, 453 A.2d at 72.

Lastly, Dr. Kushner argues that if section 155-11(L) is deemed a valid bar to his proposed use, he should be granted a de minimis variance since the code would thus unreasonably restrict his use of his property:

"The de minimis doctrine is an extremely narrow exception to the heavy burden of proof which a party seeking a variance must normally bear. The courts have applied the rule and allowed a variance in a limited number of cases where the violation of the ordinance was a relatively minor one, and to do otherwise would require the moving of an entire building. The court also followed the de minimis rule in a unique case where rigid compliance with the ordinance was not absolutely necessary to protect the public policy concerns underlying the ordinance." King v. Zoning Hearing Board of Nazareth, 76 Pa. Commw. 318, 320, 463 A.2d 505, 505-06 (1983). (Footnotes omitted.)

As in King, the facts of this case do not resemble those few cases where de minimis variances have

been granted. Permitting an office on the second floor of a dwelling clearly does not serve the policy concerns of public health and welfare recognized by the zoning hearing board in relation to fire and safety risks of an above-street-level office. The facts of this case do not merit the granting of a de minimis variance. King v. Zoning Hearing Board of the Borough of Nazareth, Id.

## CONCLUSION

The Zoning Hearing Board of the Township of Lower Merion committed no abuse of discretion or error of law in its decision of June 25, 1984, and this court's dismissal of the appeal of Alan Kushner from the board's decision should be affirmed.

