567 A.2d 779

**David and Linda WHEATON, Appellants,**

v.

**ZONING HEARING BOARD OF MUNICIPALITY OF PENN HILLS and Municipality of Penn Hills, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Oct. 3, 1989.

Decided Dec. 19, 1989.

Arthur J. Leonard, with him, Thomas V. Gebler, Jr., Robb, Leonard & Mulvihill, Pittsburgh, for appellants.

Wayne V. DeLuca, with him, August C. Damian, Damian & DeLuca, Pittsburgh, for appellee, Municipality of Penn Hills.

Before DOYLE, PALLADINO and SMITH, JJ.

PALLADINO, Judge.

David and Linda Wheaton (Objectors) appeal from an order of the Court of Common Pleas of Allegheny County (trial court) affirming a decision of the Zoning Hearing Board of the Municipality of Penn Hills (Board) affirming the issuance of a conditional use permit by the Council of the Municipality of Penn Hills (Council) to the Municipality of Penn Hills (Penn Hills).

The Penn Hills School District sold Penn Hills a forty-five acre tract of land on the condition that it be used for recreational purposes. The land is located between two housing projects, Green Ridge plan and Hunter Heights plan. It is in an R–1 single-family residential zoning district which permits recreational facilities as a conditional use. Penn Hills proposed to build a recreational complex containing five playing fields; three for baseball/softball, one for football, and one for soccer. The complex will also include volleyball courts, playground equipment, and a concession stand/restroom.

Penn Hills applied for a conditional use permit to construct and operate the recreational complex.[1] The conditional use permit was granted by Council and the Mayor of Penn Hills based on the recommendation of the Penn Hills Planning Commission (Planning Commission) in accordance with Chapter 11 of the Penn Hills Zoning Ordinance (Ordinance). Objectors appealed the issuance of the permit to the Board, which affirmed. Objectors appealed to the trial court.

Penn Hills also sought a site plan approval from the Planning Commission. After conducting hearings, the Planning Commission recommended approval of the proposed site plan. Objectors appealed to Council, which denied the appeal. Objectors appealed to the trial court.

The trial court consolidated the conditional use permit appeal and the site plan permit appeal. The trial court, which did not take any additional testimony, affirmed the issuance of the conditional use permit, but ordered the width of the access road to the complex widened to comply with the Ordinance.[2] Objectors appealed.

On appeal to this court, Objectors contend that Penn Hills did not meet the requirements for a conditional use permit. Specifically, Objectors contend that Penn Hills has not met the provisions for major excavation and grading, sidewalks, landscaping, and glare containment. Objectors also contend that the additional traffic, glare, and noise will adversely effect the public health, safety, and welfare.

 Our scope of review in a zoning appeal in which the trial court has not taken additional evidence is limited to a determination of whether the zoning hearing board has manifestly abused its discretion or committed an error of law. *Andreucci v. Zoning Hearing Board of Lower Mil-*

1. The Penn Hills Zoning Ordinance (Ordinance) provides immunity for Penn Hills from its restrictions. Penn Hills has chosen to waive the immunity and have the Ordinance applied to itself.

2. The appeal of the site plan was sustained and the trial court ordered Council and the Mayor to amend the plan and resubmit it to the Planning Commission. Penn Hills did not appeal this order.

*ford Township,* 104 Pa.Commonwealth Ct. 223, 522 A.2d 107 (1987). A zoning hearing board abuses its discretion only if its findings are not supported by substantial evidence. *Id.*

A conditional use permit must be granted if the applicant meets the specific requirements in the ordinance, unless the use will be detrimental to public health, safety, or welfare. *Board of Supervisors of Greene Township v. Kuhl,* 112 Pa.Commonwealth Ct. 624, 536 A.2d 836 (1988). The applicant has the initial burden of proving compliance with the specific requirements in the ordinance, after which, the objectors have the burden of proving that the use will have a high degree of probability of adversely affecting the public health, safety, and welfare. *Id.*

Objectors contend that the proposed development of the tract will violate section 5.12.A.(11) of the Ordinance which pertains to major excavation and grading. However, "major excavation and grading" is defined in section 3.2 of the Ordinance as: "Any excavation or grading involving the extracting of coal or other minerals and/or the removal of 10,000 square feet of woodland, as defined by United States Geological Survey (USGS) Maps, where prior site plan approval by the Planning Commission has not been obtained." Penn Hills' plan of development does not involve the extraction of coal or other minerals. Furthermore, Objectors do not dispute that the property is not listed as woodland in the USGS Maps. Accordingly, section 5.12.A.(11) is inapplicable.

Objectors next argue that the plan to develop the recreational complex violates section 10.6.A. which requires sidewalks to be constructed "along the entire length of portions of a site which abut municipal, county, or state right-of-ways unless expressly waived by the Planning Commission." However, section 11.1.3. of the Ordinance specifically empowers Council to increase or decrease bulk and area regulations, performance standards, and parking requirements that might otherwise be applicable for permit-

ted uses when issuing a conditional use permit. Objectors acknowledge that sidewalks are classified as performance standards. In this case, concerns were raised regarding the safety of pedestrians along Hunter Road, which is a heavily travelled road. Council waived the sidewalk requirement to discourage pedestrian traffic until sidewalks are constructed on adjacent properties. We conclude that the Board's finding that council had not acted improperly is supported by substantial evidence and consequently no abuse of discretion occurred.

■ Objectors next argue that the plan does not contain required landscaping. Section 10.11.E.(2) requires evergreen trees to be planted on side yards and/or rear yards which abut a single family residential zone. Again, Objectors concede that Council had the authority to waive this requirement. The Board's finding that Council had not acted improperly was not an abuse of discretion.

■ Objectors next contend that the plan does not mandate glare containment as required by the ordinance. Section 10.16 of the Ordinance requires that "[e]very use shall be so operated that it does not emit an obnoxious or dangerous degree of heat, glare, radiation, or fumes beyond the property boundaries." The Board found that Penn Hills met this requirement because Council had required the field closest to Green Ridge plan to remain unlighted, and the soccer field adjacent to Hunter Heights to remain unlighted after a reasonable hour such as 10 p.m. Council also required additional buffering and landscaping between the fields and homes in the Hunter Heights plan. We conclude that the Board's finding that Penn Hills had met this requirement was not an abuse of discretion.

■ Objectors argue that the increase in traffic will create a dangerous condition on Hunter Road. Although the Board found that the traffic would most likely increase on Hunter Road, it implicitly rejected the Objectors contention that the increase in traffic would adversely effect the

health, safety, and welfare of the community. We hold that the Board did not abuse its discretion.

■ Objectors finally argue that the glare and noise generated from the recreational complex will substantially detract from the use of neighboring property. The Board rejected Objectors' arguments. We hold that the Board did not abuse its discretion.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, December 19, 1989, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.