573 A.2d 675

**In re Appeal of RESSLER MILL FOUNDATION from the Decision of the Zoning Hearing Board of Leacock Township.**

**Appeal of RESSLER MILL FOUNDATION.**

Commonwealth Court of Pennsylvania.

Argued April 2, 1990.

Decided April 24, 1990.

Terry A. Warco, Barley, Snyder, Cooper & Barber, Lancaster, for appellant.

James H. Thomas, with him, David R. Workman, Blakinger, Byler & Thomas, P.C., Lancaster, for appellee.

Before DOYLE and PALLADINO (P.), JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Ressler Mill Foundation (Protestant) appeals from an order of the Court of Common Pleas of Lancaster County (trial court) affirming a decision of the Zoning Hearing Board of Leacock Township (Board) granting the application of John K. Stoltzfus and Sara E. Stoltzfus (Landowners) for a de minimis variance and denying Protestant's request that the Board revoke the building permits issued to Landowners.

Landowners own a 1.025 acre tract of land in a rural zoning district. Landowners applied for and were issued building permits to construct a single family dwelling and a horse barn on the property. Subsequent to the issuance of the permits, the Leacock Township Zoning Officer became aware that the property lacked the required minimum lot width. A minimum lot width of 150 feet at the set back line is required in the rural zoning district. Landowners' property has a lot width of 143.07 feet. The Zoning Officer issued a cease and desist order to Landowners.

Landowners applied to the Board for a variance from the 150 foot lot width requirement. Protestant appealed the issuance of the building permits and requested that the permits be revoked. Landowners' application for a variance and Protestant's appeal of the issuance of the building permits were consolidated by the Board. The Board subse-

quently granted Landowners' application for a de minimis variance and denied Protestant's appeal of the issuance of the building permits. Protestant appealed to the trial court which affirmed without taking additional evidence.

On appeal to this court,[1] Protestant contends that Landowners are not entitled to a de minimis variance under the facts in this case, that Landowners failed to demonstrate that this variance is not contrary to the public health, safety, and welfare, and that the Board improperly considered the economic impact of the denial of the variance on Applicants.

 Protestant contends that the de minimis variance rule is only applicable in those cases where the violation of the ordinance is minor and the denial of the variance would require the moving of an entire building. However, a dimensional variance may be granted where the variance sought is minor or de minimis and rigid compliance with the ordinance is not absolutely necessary to protect the underlying public policy concerns. *King v. Zoning Hearing Board Of the Borough of Nazareth*, 76 Pa.Commonwealth Ct. 318, 463 A.2d 505 (1983). Although the doctrine of de minimis variances is a limited exception to the general rule of variances, it is applicable to the facts at hand.

Landowners applied for a 7 foot variance from the 150 foot lot width requirement. The requested variance is approximately 4.7% of the total lot width required by the terms of the Leacock Township Zoning Ordinance (Ordinance). Although this is a minor variance, the trial court correctly noted that the lot width requirement is an effective tool for "protect[ing] the integrity of the rural district by creating open space." *In re: Appeal of Ressler Mill Foundation from the Decision of the Zoning Hearing*

1. Our scope of review in a zoning case in which the trial court has not taken additional testimony is limited to a determination of whether the zoning hearing board abused its discretion or committed an error of law. *Wheaton v. Zoning Hearing Board of Penn Hills*, 130 Pa.Commonwealth Ct. 201, 567 A.2d 779 (1989). A zoning hearing board abuses its discretion only if necessary findings of fact are not supported by substantial evidence. *Id.*

*Board of Leacock Township* (1676 of 1989, Court of Common Pleas of Lancaster County, filed October 17, 1989), slip op. at 4. We note that the lot width requirement works in conjunction with the minimum lot area to create open space. In the case at hand, Landowners' property is a little larger than the one acre minimum lot area requirement. Inasmuch as Landowners' property has the required lot area and the variance is minor, we conclude that rigid compliance with the Ordinance is not necessary to protect the public policy concern. Clearly the Board did not err in granting the requested variance.

■ Protestant contends that Applicants failed to prove that the variance will not have an adverse impact on the public health, safety, and welfare. "The de minimis doctrine is an extremely narrow exception to the heavy burden of proof which a party seeking a variance must normally bear." *King*, 76 Pa.Commonwealth Ct. at 320, 463 A.2d at 505. Unlike a traditional variance, an applicant for a de minimis variance is not required to prove that the requested variance will not adversely affect the public health, safety, and welfare.

Protestant finally contends that the Board improperly considered the economic impact of the denial of the variance and therefore the grant of the variance was based on an error of law. However, the Board's finding that the denial of the variance would render the property valueless is not necessary to the Board's decision. Because we find substantial evidence to support the necessary findings of the Board, we must affirm the Board's decision.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, April 24, 1990, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is affirmed.