585 A.2d 580

**Carmen D'AMATO**

v.

**ZONING BOARD OF ADJUSTMENT OF the CITY OF PHILADELPHIA.**

**Appeal of CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Dec. 3, 1990.

Decided Jan. 8, 1991.

**3. Zoning and Planning** ☞503

Property owner seeking variance to legitimize already constructed house failed to establish that unnecessary hardship would result if variance were denied where testimony of adjacent property owner and photographs cast doubt on owner's testimony that he had merely reconstructed house which previously existed on lot.

**4. Zoning and Planning** ☞497

Economic loss which would be suffered by property owner if variance were denied for already constructed building did not justify variance; loss was self-imposed where owner went forward with construction without obtaining variance first.

**5. Zoning and Planning** ☞503

Violation which resulted from homeowner's construction of house without permit was variance of approximately 13% in open area requirement in very congested area so that open area violation was not "de minimis."

See publication Words and Phrases for other judicial constructions and definitions.

---

Marjorie Stern Jacobs, Divisional Deputy City Sol., Philadelphia, for appellant.

Leon W. Silverman, Philadelphia, for appellee.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The City of Philadelphia (City) has appealed from an order of the Court of Common Pleas of Philadelphia County in this zoning case regarding a variance from an open area requirement. The common pleas court took no evidence, but reversed the decision of the Philadelphia Zoning Board of Adjustment (Board), and the City appealed.[1] We reverse

1. The appeal names both the City and the Board as Appellants. Because the Board has no standing to appeal a trial court's order in a zoning matter, we will consider the appeal of the City only. *Depart-*

the trial court's order and reinstate the decision of the Board denying the requested zoning variance.

The facts found by the Board are summarized as follows. The property which is the subject of this request for a zoning variance is a single family row-house, located at 232 Wilder Street in the City. It is owned in part by Carmen D'Amato, the Appellee, and is zoned "R–10A Residential."

The Department of Licenses and Inspections (Department) issued building permit No. 15162 to D'Amato on March 5, 1987, authorizing certain improvements to the property. The permit described the work as follows:

> Replace all old windows with new same size and location as existing, replace all old doors with new, replace new front exterior wall 8″ masonry on existing foundation, replace all floor joists $2 \times 10@16″$ o.c. and ⅝ plywood subfl. no new partitions no roof work.

On the same date, the Department also issued permit No. 345001 to D'Amato stating that a zoning permit was not required for these renovations.

D'Amato's workmen began renovations on the property including the removal of interior walls even though the building permit did not authorize that work. On April 8, 1987, the party wall between the subject property and the house at 234 Wilder Street collapsed.

D'Amato hired an architect and engineer to develop plans for the construction of an entirely new house. He then proceeded to erect a new house with greater dimensions on the premises without first getting a variance approval.

The new house protrudes further into the rear yard of the property than did the original house, and consequently, reduced the open area of the property to 184.88 square feet. It also has eliminated an 18–inch alley way which formerly ran between this property and 234 Wilder Street. Section 14–211.1(2)(c) of the Philadelphia Zoning Code (Code) requires that 30% of the total lot area remain open. For the

*ment of General Services v. Ogontz Area Neighbors Association,* 505 Pa. 614, 483 A.2d 448 (1984).

subject property that requirement computes to 210.5 square feet of open space.

After the exterior of the house was constructed, D'Amato filed an Application for Zoning Permit and/or Use Registration Permit No. 7694, requesting that the Department legalize the existing structure which did not conform to the open area requirements. The application requests the "Legalization of Build new 2 sty. front and 1 sty. rear building as shown on Plan." The attached Site Plan, prepared by a professional engineer, shows the portion of the premises abutting Wilder Street as an existing two-story building with a one-story rear wing.

The photographs admitted into evidence and the testimony of the owner of the adjacent property, 234 Wilder Street, which was accepted by the Board, clearly prove that the entire structure is two-story.

The Department refused to legalize the new house because the open area was less than that required by the Code. D'Amato appealed to the Board which found that the new house exceeded the dimensions of the former building and did not conform to the open area requirements. The Board specifically rejected D'Amato's testimony that he merely reconstructed the pre-existing house.

D'Amato appealed to the Court of Common Pleas of Philadelphia County. The court took no new evidence but decided the matter after oral argument based on the Board's record. The court determined that enforcing the zoning regulations would cause unnecessary hardship, because D'Amato could only make his building safe by undercutting the zoning requirements for open space. We believe that this factual conclusion goes beyond the facts established by the Board.

It is a well-settled principle that, where the trial court in a zoning appeal takes no new evidence, its scope of review is the same as an appellate court. Therefore, the trial court should have limited its inquiry to whether the Board committed a manifest abuse of discretion or an error

of law in denying the variance. *Valley View Civic Association v. Zoning Hearing Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). If the Board's decision is legally sound and supported by substantial evidence—such relevant evidence as a reasonable mind might accept as adequate support for the conclusion drawn—it must be upheld. *Id.*

At the hearing before the Board, D'Amato testified that he merely reconstructed the house which previously existed on the lot. The Board specifically rejected this testimony. Instead, the Board accepted the testimony of the adjacent property owner, who stated that the new building extends further back into the rear of the property and was built up higher. The photographs in evidence also clearly demonstrate that the rear portion of the property is no longer flush with the neighboring homes and is two stories high. The reduction of open area is not solely a function of the new thicker wall, but is also caused by the rearward expansion. The trial court erroneously construed the factual reason for the variance.

The Pennsylvania Supreme Court has stated that a party seeking a variance must prove that (1) an unnecessary hardship will result if the variance is denied, and (2) the proposed use will not be contrary to the public interest. *Id.* D'Amato has failed to establish unnecessary hardship, and therefore, the variance was properly denied by the Board.

In *Ottaviano v. Zoning Board of Adjustment of Philadelphia,* 31 Pa.Commonwealth Ct. 366, 376 A.2d 286 (1977), we held that the unnecessary hardship that will support a variance must be unique to the property, and not one which is generally suffered by other properties in the district. In this case we are concerned with a congested residential area where the lots are small and space is precious. The small confines of the subject lot are not peculiar to this property but also plague the other row-house owners. Permitting this house to remain as it is would adversely affect the neighboring properties because it would reduce the light and air available to them. The Board denied the variance for that reason, and we endorse that decision.

█ D'Amato will suffer an economic loss if this variance is denied since he has already constructed the building. The Board determined that this loss was self-imposed since D'Amato went forward with construction without first obtaining a variance. Economic loss occasioned by owners who build structures which do not comply with the zoning requirements does not justify a variance. *Boyd v. Township of Wilkins Board of Adjustment*, 2 Pa.Commonwealth Ct. 324, 279 A.2d 363 (1971).

In *Rizzone Appeal*, 88 Pa.Commonwealth Ct. 502, 490 A.2d 26 (1985), this Court held that a landowner who filed an application for a permit to build a garage, and then proceeded to build a garage and office complex which did not conform to zoning requirements, created his own hardship. Similarly in this case, D'Amato requested a building permit for certain renovations and subsequently completely gutted the house and replaced it with a larger house which did not conform to the Code. Any economic hardship which results from this course of action is his own doing. Self-imposed hardship will not support the right to a zoning variance. *Id.*

█ D'Amato's argument that the open area violation is de minimis is without merit. The de minimis doctrine is a narrow exception to the general rules concerning variances. *King v. Zoning Hearing Board of the Borough of Nazareth*, 76 Pa.Commonwealth Ct. 318, 463 A.2d 505 (1983). The exception is only appropriate when the violation of the ordinance is relatively minor. *Id.*

We held in *Appeal of Ressler Mill Foundation*, 132 Pa.Commonwealth Ct. 569, 573 A.2d 675 (1990), that a dimensional variance of approximately four percent (4%) in the width of a one-acre lot was a de minimis variance, this case is not analogous. We are now presented with a variance of approximately thirteen percent in the open area requirement (25 square feet divided by 210 square feet) in a very congested area. Proportionally, the variance in this case is much more significant and has a much greater impact on neighboring property owners because of the

proximity to each other. For this reason, we refuse D'Amato's assertion that the variance is de minimis.

Accordingly, we reverse the order of the trial court and reinstate the decision of the Board.

## ORDER

AND NOW, this 8th day of January, 1991 the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed, and the decision of the Zoning Board of Adjustment is hereby reinstated.