## Renzi v. Zoning Hearing Board of Concord Township

C.P. of Delaware County, no. 94-5263.

*Robert M. DiOrio,* for the appellee.
*John Wellman,* for the appellant.

CRONIN, *J.,* March 23, 1995—

## FACTS OF THE CASE

Christopher E. Renzi, the appellant in the underlying zoning appeal action, is the owner of a 4.75 acre property located on Conchester Road, Concord Township, Delaware County, Pennsylvania. Appellee in the underlying action is the Zoning Hearing Board of Concord Township.

On or about December 23, 1993, Renzi filed a petition for a variance with the Concord Township Zoning Hearing Board, wherein he sought a variance concerning section 302 of the zoning ordinance of Concord Township, which permits as an agricultural use, the planting, growing, storing and selling of plants and crops from a property on a lot five acres or larger in size. On February 23, 1994, a hearing was held concerning Renzi's petition, which contended that the variance should be granted for his property as a de minimis exception to section 302 of the Concord Township Zoning Ordinance.

On or about April 6, 1994, the Zoning Hearing Board of Concord Township denied Renzi's petition for a variance and Renzi appealed their decision, alleging essentially that said decision was arbitrary, capricious and an abuse of discretion and contrary to law in that the dimensional variance requested was clearly de minimis according to Pennsylvania law.

On November 30, 1994, this court issued a decision sustaining Renzi's appeal, finding that he is entitled to a de minimis variance from the lot size requirement for the sale of plants or crops as indicated in section 302(A)(2)(b)(1) and reversing the decision of the Concord Township Zoning Hearing Board, finding that the board abused its discretion in refusing to grant said de minimis variance as requested by Renzi.

## LEGAL ISSUE

Did the Concord Township Zoning Hearing Board abuse its discretion and commit error as a matter of law in refusing to grant the de minimis variance as requested by Renzi?

## LEGAL ANALYSIS

This court took no additional evidence and as such, the scope of review is limited to the determination of whether the board committed an error of law and whether its findings are supported by substantial evidence. *Ramondo v. Zoning Hearing Board, Haverford Township,* 61 Pa. Commw. 242, 434 A.2d 204 (1981); *Whitpain Township Board of Supervisors v. Whitpain Township Zoning Hearing Board,* 121 Pa. Commw. 418, 550 A.2d 1355 (1988), *appeal denied,* 525 Pa. 639, 578 A.2d 932 (1990).

Section 302(A)(2)(b)(1) states that:

"A building may be erected, altered, or used, and a lot or premises may be used, for any of the following purposes and for no other: ...

"(2) Agricultural and horticultural, including the keeping of livestock, animals, and poultry customarily incidental thereto, and permitting: ...

"(b) On a lot five acres or larger in size, agriculture use as permitted below:

"(1) planting, growing, storing and selling plants and crops therefrom. ..."

In this case, Renzi's property encompasses an area of 4.50 to 4.75 acres, (depending whether or not the drainage easement is excluded) instead of the minimum of five acres, as required above. It is upon that basis that Renzi argued that he is entitled to a de minimis variance.

Under Pennsylvania law, variances may be granted where de minimis deviations from a zoning ordinance occur, even though the traditional grounds for a variance may not have been met. *West Bradford Township v. Evans,* 35 Pa. Commw. 167, 384 A.2d 1382 (1978); *Stewart v. Zoning Hearing Board of Radnor Township,* 110 Pa. Commw. 111, 531 A.2d 1180 (1987), *appeal denied,* 521 Pa. 615, 557 A.2d 346 (1989). However, the de minimis doctrine is a narrow exception to the heavy burden of proof placed upon a property owner seeking a variance and it applies only where a minor deviation from the zoning ordinance is sought and rigid compliance is not necessary to protect the public policy concerns inherent in the ordinance. *Constantino v. Zoning Hearing Board,* 152 Pa. Commw. 258, 618 A.2d 1193 (1992); *Chacona v. Zoning Board of Adjustment,* 143 Pa. Commw. 408, 599 A.2d 255 (1991); *King v. Zoning Hearing Board of the Borough of Nazareth,* 76 Pa. Commw. 318, 463 A.2d 505 (1983); *Appeal of Ressler Mill Foundation,* 132 Pa. Commw. 569, 573 A.2d 675 (1990).

The decision and order of the board contains two conclusions of law:

(1) Petitioner has not established a hardship unique to petitioner's property precluding a reasonable use of the property as zoned, and

(2) Petitioner is not entitled to a variance from the agricultural lot size requirement specified in section 302(A)(2)(b) of the ordinance.

As to the hardship aspect, the element of hardship has no application in the determination as to the granting of a de minimis variance. *West Bradford Township v. Evans,* 35 Pa. Commw. 167, 384 A.2d 1382 (1978); *Pyzdrowski v. Pittsburgh Board of Adjustment,* 437 Pa. 481, 263 A.2d 426 (1970).

Regarding the de minimis variance, it should be noted that the decision of the zoning hearing board is based primarily upon a mathematical basis. That is to say, the decision cites to *Leonard v. Zoning Hearing Board of the City of Bethlehem,* 136 Pa. Commw. 182, 583 A.2d 11 (1990) for the proposition that a 6 percent deviation from the zoning requirements does not warrant a de minimis variance, as 6 percent is too large and not de minimis. The board also stated that the instant deviation ranges anywhere between 5 percent through 9.2 percent and that this deviation exceeds the permissible deviation espoused in the *Leonard* case.

In *Appeal of Ressler Mill Foundation,* 132 Pa. Commw. 569, 573 A.2d 675 (1990), the court granted a variance where the shortage amounted to only 4.7 percent of the total lot requirement. To suggest that the term "de minimis" should be defined as a deviation from the property size requirement somewhere between 4.7 percent to 6 percent is inappropriate. Although courts do look to the percentage of deviation from the zoning ordinances as guidance as to whether a variation from

the zoning ordinances is de minimis, there are no exact mathematical guidelines established to make this determination, and this court does not believe that the determination of whether a violation of a zoning ordinance is de minimis should hinge solely upon a number. Instead, it should be analyzed in accordance with Pennsylvania law that states that a de minimis variance should be granted only when the deviation is "minor" and rigid enforcement is not necessary to protect public policy concerns inherent in the ordinance. *Id.* The courts could have established a specific percentage of deviation as a bright line cutoff point with respect to de minimis variances, but the courts refused to do so. Instead, the decision is left to the zoning hearing boards, subject to judicial review.

In this case, Renzi could use the property for its intended purpose as a matter of right if the property contained a mere 5 percent to 9.2 percent additional property. Additionally, Renzi desires to use the property for agricultural use and for his own personal residence. Under section 302(A), he is permitted to use the property as both a residence and agricultural use. See also, *Gilbert v. Montgomery Township Zoning Hearing Board,* 58 Pa. Commw. 296, 427 A.2d 776, (1981). Furthermore, section 301 of article III of the Concord Township Zoning Ordinance governing an R-1 residence district states that

"The purpose of this zoning district is to preserve existing residential developments of low-density, and to encourage the future development of designated areas as similar low-density single-family residential areas."

In light of this objective, it is difficult to understand how preventing Renzi from operating a nursery because his property is approximately one quarter to one half acre short of the minimum lot requirement would harm public policy, especially in light of its agricultural use.

On a one acre tract of land, a structure's "footprint" occupies a significant portion of the property and if the property size was reduced to less than one acre, with the presence of the structure, it may become visibly apparent and affects the aesthetic value of the surrounding community. However, on a tract of land approximately 4.5 to five acres, a structure's "footprint" is much less significant in proportion to the property and it becomes more difficult to ascertain the property's size. Additionally, it becomes virtually impossible for an individual to visually determine the difference between 4.5 acres and five acres of real estate. Most of the decisions regarding de minimis variances concerned subdivisions of private residences where a reduction in property becomes visually apparent and affects the overall community aesthetics. In this case, unless an individual refers to a planning map or otherwise measures the property, the size discrepancy will probably go undetected. Therefore, because the issue in this case is the property dimension and the size of the property has no impact upon the aesthetic value of the surrounding community, the one quarter to one half acre difference is relatively minor and rigid enforcement of the zoning ordinance is simply not necessary to protect the township's public policy concerns. Also, the property's intended use is for a nursery and not for a housing development. Pursuant to the objective stated above, the purpose of the subject ordinance is to maintain a low population density. In that the presence of a nursery will not affect the population density, granting the de minimis variance does not appear to violate the purpose of the zoning ordinance.

Furthermore, the fact that Renzi did not study the traffic conditions is irrelevant because the traffic conditions would be substantially the same whether the property had five acres, at which point no traffic study would have been required, or 4.25 to 4.50.

The township also argues that Renzi is actually seeking a use variance and that de minimis variances are not available for use variances. *Rollins v. Outdoor Advertising Inc. v. Zoning Hearing Board of Adjustment,* 108 Pa. Commw. 277, 529 A.2d 99 (1987). Renzi's proposed use of the property as a personal residence and garden center or nursery would be permitted as a matter of right pursuant to section 302(A)(2)(b)(1), if the property contained one quarter to one half acre additional property. Therefore, it is the dimension or area of the property that is at issue here and not the proposed use of the property and a dimensional de minimis variance may be granted. *King v. Zoning Hearing Board of the Borough of Nazareth,* 76 Pa. Commw. 318, 463 A.2d 505 (1983).

## CONCLUSION

For all of the foregoing reasons, this court found that Renzi was entitled to the de minimis variance and that the zoning hearing board abused its discretion by refusing to grant the de minimis variance.