522 A.2d 107

Sandra K. Andreucci, Executrix of the Estate of Merritt A. Peters, Appellant *v.* The Zoning Hearing Board of Lower Milford Township, Appellee.

Argued May 15, 1986, before Judges BARRY and PAL-LADINO, and Senior Judge KALISH, sitting as a panel of three.

*Joseph A. Holko, Butz, Hudders, Tallman, Stevens & Johnson,* for appellant.

*Edward H. McGee,* for appellee.

*Mark Malkames,* with him, *William G. Malkames,* for intervenor, Richard A. Powell, Jr.

OPINION BY JUDGE PALLADINO, February 26, 1987:

This is an appeal by Sandra K. Andreucci[1] (appellant), from an order of the Court of Common Pleas of Lehigh County (trial court) affirming the grant of a dimensional variance by the Zoning Hearing Board of

---

[1] Ms. Andreucci is the Executrix of the Estate of Merritt A. Peters. Mr. Peters was Richard Powell's neighbor and the owner of an abutting property. The Andreuccis appeared as objectors before the Zoning Hearing Board and appealed the Board's decision to the trial court.

Lower Milford Township (Zoning Hearing Board), appellee, to Richard A. Powell, Jr.,[2] owner of the subject parcel of land. For the reasons which follow, we reverse.

Powell owns an irregularly shaped parcel of land zoned A-Agriculture. His deed description shows an area measuring approximately 94,967 square feet. However, on his subdivision plan, Powell shows only 83,039 square feet to the legal right-of-way line. The lot is fronted by roadway on three sides and a single-family dwelling is located at its western end.

Powell submitted a minor subdivision plan to the Lower Milford Township Planning Commission (Planning Commission) proposing to subdivide and sell a 45,000 square foot residential building lot and to retain the remaining 38,039 square feet. Section 534 of the Lower Milford Township Zoning Ordinance[3] requires 45,000 square feet per dwelling unit and, thus, Powell's subdivision would create a non-conforming lot. Because Section 301.1(c) of the Lower Milford Township subdivision ordinance requires compliance with the Township's zoning ordinance, a subdivision plan creating a non-conforming lot could not be approved by the Planning Commission. The Planning Commission, without

---

[2] Mr. Powell was permitted to intervene by the trial court.

[3] Section 534 sets out the dimensional requirements in an A-Agriculture District:

*Lot Area, Width, Building Coverage, and Height Regulations*

| | Minimum Lot Area | Minimum Lot Width | Maximum Building Coverage of Lot | Maximum Building Height |
|---|---|---|---|---|
| All permitted uses | 45,000 sq. ft. per dwelling unit | 150 ft. | 20% | 35 ft. (Silos and barns are exempted from this restriction). |

acting on Powell's subdivision application, suggested that he try to obtain a variance from the Zoning Hearing Board.

Powell submitted his original subdivision plan, and two additional plans, to the Zoning Hearing Board. While the original plan would create one conforming and one non-conforming lot, the additional plans would both create two non-conforming lots. After conducting three hearings, the Zoning Hearing Board granted a dimensional variance to Powell and chose the subdivision plan which created two non-conforming lots of nearly equal proportion. (41,519 square feet and 41, 520 square feet).

The Zoning Hearing Board granted the variance for the following reasons: (1) "The Applicant would suffer a hardship by the denial of the variance because the area not currently being used for the dwelling cannot practically be used for any use permitted by the Zoning Ordinance."; (2) the deficiency in area is created because Powell must dedicate land for rights-of-way to the public; (3) the two lots created by the variance would contain in excess of 92% of the required minimum lot size therefore the variance requested is *de minimis;* and (4) "[T]he public interest would not be adversely affected by the granting of the variance."

Appellant appealed to the trial court, which affirmed the grant of the variance. On appeal to this Court, appellant asserts: (1) that it was error to grant the variance because Powell's property does not meet the criteria necessary for a variance; and (2) the variance is not *de minimis*.

Our scope of review of a decision of a Zoning Hearing Board, where the trial court did not take additional evidence, is to determine whether the Board abused its discretion or committed an error of law. *Monroeville v. Zoning Hearing Board of Monroeville,* 92 Pa. Common-

wealth Ct. 55, 498 A.2d 481 (1985). We may conclude that the Board abused its discretion only if its findings of fact are not supported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

In order to obtain subdivision approval, the Lower Milford Township subdivision ordinance requires an applicant's plan to conform to all provisions of the Lower Milford Township Zoning Ordinance. Section 534 of the zoning ordinance requires each lot zoned A-Agriculture to contain a minimum lot area of 45,000 square feet. Therefore, both the lot which Powell retains and the one he sells must each contain 45,000 square feet. Powell asserts that the Planning Commission has imposed upon him the requirement to dedicate a right-of-way to the Township. Powell further asserts that his lot would then contain insufficient square footage to allow conformance with the zoning ordinance. Therefore, he would need a variance in order to subdivide.

This argument is without merit. Nothing in the record shows the Planning Commission has imposed a condition that Powell dedicate land for a right-of-way. The Commission has taken no formal action whatsoever. Powell testified he will be required to dedicate a right-of-way to the Township for road widening purposes. He offered no proof.

The three subdivision plats submitted by Powell to the Zoning Hearing Board show a street already in existence, the boundary of which is denominated as the "legal" right-of-way line. Powell relies on the inclusion of the bed of this street to establish the 94,967 square feet he claims his deed describes. When the area of the existing road is subtracted from his deed description, Powell has insufficient square footage to enable compliance with the zoning ordinance. According to the subdivision plats, the area of land to the current street line is

only 83,039 square feet. Therefore, Powell's inability to conform to the 45,000 square foot lot minimum of the zoning ordinance is unrelated to any action of the Planning Commission.

The Township's zoning ordinance sets out the requirements to obtain a variance at Sections 850 to 852. This ordinance substantially incorporates the principles of Section 912 of the Pennsylvania Municipalities Planning Code[4] which, in turn, codifies prior case law. *Williams v. Salem Township*, 92 Pa. Commonwealth Ct. 634, 500 A.2d 933 (1985).

Our State Supreme Court recently restated the standards for the grant of a variance in *Valley View*. Justice NIX (now Chief Justice), writing for the Court, noted that a variance must be granted only for "substantial, serious and compelling" reasons. *Id.* at 555, 462 A.2d at 640. "The party seeking the variance bears the burden of proving that (1) unnecessary hardship will result if the variance is denied, and (2) the proposed use will not be contrary to the public interest." *Id.* at 555-556, 462 A.2d at 640. That hardship must be shown to be unique or peculiar to the property in question, rather than one which arises from the impact of the ordinance on the entire district. "The hardship complained of must be such as to render the property practically valueless." *Allison v. Zoning Board of Adjustment of Philadelphia*, 97 Pa. Commonwealth Ct. 51, 55, 508 A.2d 639, 640 (1986).

Turning our attention to the case at bar, the Zoning Hearing Board concluded, and the trial court affirmed, that Powell would suffer a hardship because the area which Powell wants to sell cannot practicably be used for any purpose under the zoning ordinance. This conclusion is in error. Sections 531-533 of the zoning ordi-

---

[4] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10912.

nance yield numerous uses to which this property could be put. Further, Powell readily admits that the parcel he wishes to sell is usable within the confines of the zoning ordinance. He merely states that he wants to sell this portion of his property because *he* has no use for it.[5]

> Unnecessary hardship may be established by proof 'that the physical or topographical features of the property are such that it cannot be used for the permitted purpose or that the physical features are such that the property can be arranged for such use only at a prohibitive expense.' . . . However, '[a] mere showing of economic hardship, standing alone, does not justify the granting of a variance.'

*Zoning Hearing Board of the Township of Indiana v. Weitzel,* 77 Pa. Commonwealth Ct. 108, 111, 465 A.2d 105, 107 (1983) (citations omitted). As Powell is free to use this property as it has always been used, which comports with the permitted uses in an A-Agriculture

---

[5] Attorney Holko: Mr. Powell, would you agree with me that the land east of the tree line can be used in conformity with the Zoning Ordinance?

Powell: Absolutely, yes.

Holko: But the reason you want the variance is because you do not use that piece of land east of the tree line, isn't that true?

Powell: Yes.

Record, January 29, 1985 hearing, pg. 49.

Later in that same hearing, Powell testified:

Second, no doubt in my mind that the piece of land is usable. No doubt it is usable. I cannot use it. I could put tennis courts up there, but I don't have the money to put tennis courts up there. I have no use for that land. Can it be used? Sure. But I have no use for it.

I am not asking for the subdivision because the land is unusable. I mean, what is unusable land? Something where they did a nuclear test or what? That land, sure, is usable but not by me. . . .

Record, January 29, 1985 hearing, pg. 84.

district, the only hardship which Powell suffers is the loss of money he could obtain through the subdivision and sale of a portion of his property.

> It is well established, however, that personal and economic considerations are not sufficient grounds upon which to base the grant of a variance. . . . It is the property that must be subject to the hardship and not the person. . . . And this property suffers no hardship. It is clear rather that this property is entirely suited for the purpose for which it was zoned. Indeed the property was being used in conformity with zoning restrictions in all respects. . . .

*Borough of Latrobe v. Sweeney,* 17 Pa. Commonwealth Ct. 356, 359, 331 A.2d 925, 927 (1975) (citations omitted). This does not justify the granting of a variance.

Nor can we agree with the trial court that, as found by the Zoning Hearing Board, "the proposed use is not contrary to the public interest." Powell bears the burden of proof in this matter, *Valley View,* and review of the record yields no evidence to support such a finding. In fact, on cross-examination, Powell admitted that, except for a perc. test,[6] no tests had been done to gauge the effects that building on the proposed parcel would have on neighboring properties.[7]

Lastly, the Zoning Hearing Board concluded that the variance should be granted as *de minimis.* The two new lots would be deficient of the required 45,000 square feet by approximately 7000 square feet. This would hardly qualify as *de minimis. See King v. Zoning Hearing Board of the Borough of Nazareth,* 76 Pa. Commonwealth Ct. 318, 463 A.2d 505 (1983), and the cases collected therein.

Accordingly, we reverse.

---

[6] *See* Record, January 29, 1985 hearing at 83.

[7] *See Id.* at 40-41.

ORDER

AND NOW, February 26, 1987, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is reversed.