**TOWNSHIP OF MIDDLETOWN,**
**Appellant,**

v.

**ZONING HEARING BOARD OF**
**MIDDLETOWN TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued June 10, 1996.
Decided Sept. 13, 1996.

4. We also note that, if Norris desired to avoid these costs, he could have appointed a solicitor.

William T. Dion, for Appellant.

No appearance entered for Appellee.

Before SMITH and LEADBETTER, JJ., and MIRARCHI, Jr., Senior Judge.

SMITH, Judge.

The Township of Middletown (Township) appeals from the order of the Court of Common Pleas of Bucks County affirming the Zoning Hearing Board of Middletown Township's (Board) grant of a variance to George and Janet McVeigh (the McVeighs). The question on appeal is whether the Board abused its discretion by granting a de minimis variance to the McVeighs where the proposed addition extended beyond the maximum building coverage permitted under the zoning ordinance by 167 square feet (6.76%).

In December 1991, the McVeighs filed an application seeking a variance to add a 21' × 23' garage on to their home in Middletown Township. This addition would have resulted in a total building coverage of 2726 square feet, in violation of Article 8, § 803(f) of the Middletown Township Zoning Ordinance, which restricts building coverage to 2472 square feet; this proposed addition would also have encroached upon the required front yard setback area.

█ Subsequently, the McVeighs amended their application by reducing the proposed garage to 18' × 22', thereby avoiding any encroachment into the front yard setback area and reducing the total building coverage

to 2639 square feet. Following hearings, the Board determined that the proposed variance would have a de minimis impact on the surrounding properties and on the health, safety and general welfare of the community. Thus the Board granted the McVeighs's application. In response to the concerns of neighboring property owners and to ensure that the grant of a variance would not result in negative impact to the community, the Board imposed conditions on the use of the garage. The Township appealed to the court of common pleas, which sustained the Board's decision. This appeal followed.[1]

█ Generally, a party seeking a variance has the heavy burden of establishing that (1) "unnecessary hardship will result if the variance is denied, (2) the hardship is shown to be unique or particular to the property as distinguished from a hardship arising from the impact of zoning regulations on the entire district, and (3) the proposed use will not be contrary to the public interest." *Chacona v. Zoning Board of Adjustment,* 143 Pa.Cmwlth. 408, 599 A.2d 255, 257 (1991). However, even where the requirements for a variance have not been met, the Board may grant a de minimis variance "where only a minor deviation from the zoning ordinance is sought and rigid compliance is not absolutely necessary to protect the public policy concerns inherent in the ordinance." *Constantino v. Zoning Hearing Board of the Borough of Forest Hills,* 152 Pa.Cmwlth. 258, 618 A.2d 1193, 1196 (1992). The Township contends that the Board committed an error of law and abused its discretion in granting the variance. Specifically, the Township argues that a variance of 167 square feet (6.76%) from the ordinance's building coverage requirement is not de minimis.

The Township cites *Leonard v. Zoning Hearing Board of the City of Bethlehem,* 136 Pa.Cmwlth. 182, 583 A.2d 11 (1990), *appeal denied,* 529 Pa. 665, 604 A.2d 1032 (1991), and *Andreucci v. Zoning Hearing Board of Lower Milford Township,* 104 Pa.Cmwlth. 223, 522 A.2d 107 (1987), to support the

---

1. This Court's scope of review in a zoning case where, as here, the trial court did not hear or consider new evidence, is limited to determining whether the Board committed an abuse of discretion or an error of law. *Constantino v. Zoning Hearing Board of the Borough of Forest Hills,* 152 Pa.Cmwlth. 258, 618 A.2d 1193 (1992).

proposition that the determination of whether a variance is de minimis should be based on the size of the proposed deviation from the ordinance. These cases not only fail to support the proposition advanced by the Township, but they establish that the Board should not consider mere size of the proposed deviation in determining whether a de minimis variance should be granted.

In *Leonard*, an ordinance required an 8000–square–foot minimum lot area and a property owner sought a variance to subdivide his property into two 7500–square–foot lots. In determining whether the proposed deviation was de minimis the trial court granted the variance because the proposed deviation was 500 square feet (6.25%) from the ordinance lot size minimum. This Court concluded that the trial court erred in granting a de minimis variance because there were no unique circumstances that justified a departure from the ordinary burden of proof to be carried by the party seeking a variance. Similarly, in *Andreucci*, the Court looked beyond the size of the proposed deviation from the ordinance lot size minimum and reversed the Board's grant of a variance because there had been no studies done on its effect on the public interest advanced by the ordinance.

The Township's proposition that the grant or denial of a de minimis variance should be based on the size of the proposed deviation is belied by this Court's holding in *West Bradford Township v. Evans*, 35 Pa.Cmwlth. 167, 384 A.2d 1382 (1978). In *West Bradford*, a property owner sought a variance from an ordinance that required all lots to be at least one acre; specifically, the property owner sought to divide a one-acre lot into two 1/2–acre lots. Despite the size of the proposed deviation, the Board granted the variance on the condition that the property owner install new sewage lines and agree to preserve one of the lots as an open space.

■ In granting the variance in the case sub judice, the Board emphasized that because the objections had been cured by the express conditions imposed on the property owner, the effect of the variance on the community was de minimis.[2] Although a board should consider the size of the proposed deviation in determining whether a variance is de minimis, this Court reiterates that it is equally important for a board to consider whether rigid compliance is necessary to preserve the public interests sought to be protected by the ordinance. *See West Bradford; Andreucci.*

The proposed deviation from the zoning requirements is 167 square feet beyond the maximum building coverage restricted to 2472 square feet. In its brief, the Township states that the ordinance restricting building coverage advances the public interest in maintaining coordinated and practical community development within the Township. Brief for Appellant, p. 12. At the hearings, the Board considered the size of the proposed deviation and determined that the grant of the variance would not be adverse to the public interest advanced by the ordinance. In support of this conclusion, the Board noted that other property owners in the area also had developed their property in excess of the building coverage limitations of the ordinance.

The McVeighs' residence after the addition will be the same size as the other residences in the neighborhood. Further, to prevent any possibility of an adverse affect on the neighboring property owners by virtue of the variance, the Board imposed restrictions on the McVeighs' use of the garage. Because the proposed de minimis deviations from the zoning requirements are dimensional and the insistence on rigid compliance is not absolutely necessary to preserve the public interest sought to be protected, the Board did not commit an abuse of discretion or an error of law in granting a de minimis variance. The trial court order is affirmed.

### ORDER

AND NOW, this 13th day of September, 1996, the order of the Court of Common Pleas of Bucks County is hereby affirmed.

---

**2.** *See also Pyzdrowski v. Pittsburgh Board of Adjustment*, 437 Pa. 481, 263 A.2d 426 (1970) (variance was de minimis even though the proposed deviation was 7/10 of a foot (7%) variance from an ordinance's ten-foot side yard setback requirement).