Christine A. SWEMLEY

v.

**ZONING HEARING BOARD OF WINDSOR TOWNSHIP and Windsor Township.**

**Appeal of WINDSOR TOWNSHIP, Appellant.**

Commonwealth Court of Pennsylvania.

Argued April 10, 1997.
Decided July 25, 1997.

D. Michael Craley, Red Lion, for appellant.

Victor A. Neubaum, York, for appellee.

Before DOYLE and LEADBETTER, JJ., and JIULIANTE, Senior Judge.

LEADBETTER, Judge.

The Court of Common Pleas of York County reversed the Windsor Township Zoning Hearing Board's order denying Christine Swemley's application for a de minimis variance. Windsor Township now appeals, and after review, we reverse.

Swemley wished to build an addition to her home. Toward this end, she drew up plans for the addition and, on February 3, 1995, submitted them in application to the Township for a building permit. The plans for the addition showed that the addition would be flush with the existing front setback of the home. The Township approved Swemley's application the day it was filed.

Soon after Swemley's addition was completed, a Township zoning officer inspected Swemley's property and discovered that she had built a larger addition than that shown in her permit application. This larger addition extended beyond her residence by ten feet and, thereby, was in clear violation of the Township's front setback requirement. The Township notified Swemley of this violation, and she filed a timely application for a variance.

■ The Board heard Swemley's application on June 28, 1995, and denied the variance requested because Swemley did not establish unnecessary hardship.[1] Swemley appealed this denial to the court of common pleas, arguing for the first time on appeal that, even if she were not entitled to a traditional variance, she still was entitled to a de minimis variance. The court of common pleas found that the Board had failed to evaluate whether Swemley was entitled to a de minimis variance. Based on this finding, the court remanded the matter for a further hearing.

After conducting a second hearing, the Board denied Swemley's request for a de minimis variance, finding that Swemley's addition resulted in a 34% deviation and concluding that this deviation was not de minimis as a matter of law. On January 4, 1996, Swemley filed her second appeal to the court of common pleas. In this appeal, Swemley argued that the Board abused its discretion by denying her a de minimis variance solely based upon a mathematical evaluation. In its second opinion, the court of common pleas agreed with Swemley and again remanded the matter for further hearings, this time with specific instructions that the Board consider how granting Swemley's variance would compromise the goals of the front setback requirement in light of the fact that the Board previously had permitted a similar deviation in the neighborhood.

---

1. A traditional variance may only be granted upon a clear showing of unnecessary hardship which deprives a property owner of the reasonable use of his property. *See, e.g., Damico v. Zoning Bd. of Adjustment of the City of Pittsburgh*, 164 Pa.Cmwlth. 394, 643 A.2d 156, 162 (1994).

On May 22, 1996, the Board heard the matter for the third time and, for the third time, denied the variance requested. At this third hearing, it was established that the Board had not granted Swemley's neighbor a variance for his similar deviation. Instead, the neighbor's deviation was allowed as part of a mistakenly-granted building permit. Swemley again appealed. In this third appeal, Swemley again argued that the variance requested was de minimis because the public policy goals of the ordinance had already been compromised by a previously-allowed deviation in Swemley's neighborhood. On November 6, 1996, the court reversed the order of the Board, finding that the Board had not shown that granting a variance to Swemley would create any threat to the public policy goals beyond the threat already created by the previously-allowed deviation.[2] It is this reversal that the Township now appeals.

"The de minimis doctrine is an extremely narrow exception to the heavy burden of proof which a party seeking a variance must normally bear." *King v. Zoning Hearing Bd. of the Borough of Nazareth,* 76 Pa. Cmwlth. 318, 463 A.2d 505, 505 (1983).[3] This exception may be applied where (1) only a minor deviation from the zoning ordinance is sought and (2) rigid compliance with the ordinance is not necessary for the preservation of the public interests sought to be protected by the ordinance. *Township of Middletown v. Zoning Hearing Bd. of Middletown Township,* 682 A.2d 900, 902 (Pa. Cmwlth.1996); *Constantino v. Zoning Hearing Bd. of the Borough of Forest Hills,* 152 Pa.Cmwlth. 258, 618 A.2d 1193, 1196 (1992). The determination of whether or not the de minimis doctrine applies requires careful consideration of both of these factors. Accord-

ingly, as with a traditional variance,[4] it is essential that the granting of a de minimis variance be decided on a case-by-case basis.

Over the course of its three hearings, the Board reached the following conclusions:

1. Swemley failed to show unnecessary hardship and, therefore, was not entitled to a traditional variance.

2. Swemley violated the Township's ordinance by a deviation of 34%, and she was not entitled to a de minimis variance because her deviation was not de minimis as a matter of law.

3. Swemley's deviation significantly undermined the underlying policy goals of the Township front setback requirement such that the deviation was not de minimis as a matter of law.

Our scope of review in a zoning case where the trial court neither heard nor considered new evidence is limited to whether the Board committed an abuse of discretion or an error of law. *Township of Middletown v. Zoning Hearing Bd. of Middletown Township,* 682 A.2d 900, 901 (Pa.Cmwlth.1996).

Here we agree with the Board that a 34% variation is not de minimis as a matter of law. In *Andreucci v. Zoning Hearing Bd. of Lower Milford Township,* 104 Pa.Cmwlth. 223, 522 A.2d 107 (1987), we held an 8% deviation was not de minimis as a matter of law. *Id.* at 110. Similarly, in *Leonard v. Zoning Hearing Bd. of the City of Bethlehem,* 136 Pa.Cmwlth. 182, 583 A.2d 11 (1990), *appeal denied,* 529 Pa. 665, 604 A.2d 1032 (1991), we held a 6.25% deviation not to be de minimis as a matter of law absent unique circumstances.[5] While there is no precise mathematical percentage which marks the dividing line between de minimis and signifi-

---

2. By so concluding, the trial court erred. It is the property owner's burden to establish why she is entitled to a variance. *Richman v. Zoning Bd. of Adjustment,* 391 Pa. 254, 259, 137 A.2d 280, 283–84 (1958)("He who seeks a variance has the burden of proving justification for its grant."). Although the burden is less for one seeking a de minimis variance, the burden remains with the property owner; it is not the Board's burden to establish why a property owner is not so entitled.

3. It is derived from the Latin "de minimis non curat lex" which means "the law does not care

for, or take notice of, very small or trifling matters". *Black's Law Dictionary* 431 (6th ed.1990).

4. *See ACS Enterprises, Inc. v. Norristown Borough Zoning Hearing Bd.,* 659 A.2d 651, 654 (Pa. Cmwlth.1995), *appeal denied,* 542 Pa. 674, 668 A.2d 1136 (1995).

5. Compare *Township of Middletown v. Zoning Hearing Bd. of Middletown Township,* 682 A.2d 900 (Pa.Cmwlth.1996), affirming the Board's finding that a 6.76% deviation was de minimis.

cant deviations, the 34% difference involved here is plainly not de minimis.

Moreover, according to the record below, the Township's front setback requirement promotes the following public interests:

1. To isolate residential use from the environmental effects of the roadway;
2. To provide buffers in the event that the roadway is widened; and
3. To promote aesthetic appearance and to preserve light and air space.

(R.R. 125a). In the instant case, the Board found that Swemley's deviation of 34% from the existing front setback compromised the goals underlying the Township's front setback ordinance. There is substantial evidence in the record to support this finding.

Swemley argues that, despite the 34% deviation, she is entitled to a de minimis variance because any interference with the Township's policies has already been accomplished through her neighbor's similar violation. We disagree. In *Leonard*, which involved only a 6.25% deviation, we noted that the presence of other lots in the neighborhood with similar deviations did not establish entitlement to a de minimis variance. As this court recently noted, "the Board could properly conclude that the cumulative effect of an additional [violation] ... on conditions in the neighborhood warranted denying the application." *Alpine, Inc. v. Abington Township Zoning Hearing Bd.*, 654 A.2d 186, 191 (Pa.Cmwlth.1995).

We consider it essential that each party independently establish that it is entitled to the variance it is seeking. Swemley has failed to do so here. Just because a board has granted a variance to one property-owner, it need not grant a variance to another similarly situated property-owner. *Id.* Moreover, the facts of the instant case are particularly compelling, as the similar deviation upon which Swemley relies was the result of a mistakenly-issued building permit, rather than of a Board-granted variance. To hold otherwise would be to rule that any mistakenly allowed deviation from zoning requirements effectively abrogates the ordinance for all similarly situated property owners.

"[T]he decision of whether to grant a de minimis variance is left to the discretion of the local zoning board." *Id.* Here, the Board neither abused its discretion nor committed an error of law in concluding that Swemley is not entitled to a de minimis variance. For the foregoing reasons, we reverse the order of the court of common pleas.

### ORDER

AND NOW, this 25th day of July, 1997, the order of the Court of Common Pleas of York County in the above captioned matter is reversed.